LONDON GUARANTEE AND ACCIDENT COMPANY, LIMITED, Appellant, *v.* WALTER S. FORCE, Doing Business as WILLIAM H. FORCE, & COMPANY, Respondent.

First Department, February 21, 1924.

Negligence — action by workmen's compensation insurance carrier to recover over against person whose negligence caused death of employee — evidence raises question of fact as to negligence of defendant — error to direct verdict for defendant.

In an action by a workmen's compensation insurance carrier to recover over against the defendant whose negligence it is alleged caused the death of the employee, the evidence raised a question of fact as to the negligence of the defendant, and it was error for the court to direct a verdict in his favor, where it appears that at the time of the accident the employee was unloading a motor truck into a freight car and his death was caused by injuries received when he was wedged in between the tailboard of his truck and the car, and that immediately following the accident it was found that the front wheel of the defendant's truck had interlocked with the front wheel of the truck on which the deceased employee was working in such a manner as to force that truck back against the car.

APPEAL by the plaintiff, London Guarantee and Accident Company, Limited, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 29th day of November, 1922, upon the verdict of a jury rendered by direction of the court.

*William Butler* [*George F. Hickey* of counsel; *Walter H. Wood* with him on the brief], for the appellant.

*William Dike Reed* [*William B. Shelton* and *Murray G. Jenkins* with him on the brief], for the respondent.

MARTIN, J.:

Plaintiff issued a policy of insurance to Aaron Levy & Co., the employer of one Eugene Coe, insuring it against liability imposed by the Workmen's Compensation Law. As such insurance carrier

it was required to pay $8,025.89, the medical and funeral expenses and awards made by the State Industrial Commission to the widow and children of Coe, who died as the result of injuries received while he was engaged in his work as an assistant driver for said employer. Pursuant to the provisions of section 29 of the Workmen's Compensation Law of 1914 (as amd. by Laws of 1917, chap. 705),* plaintiff sues to recover what it was so required to pay, alleging that the injuries which resulted in Coe's death were due to the negligence of defendant. The trial court directed a verdict for defendant.

On August 17, 1918, the truck upon which Coe was working was driven by Michael F. Cloonan, a driver in the employ of Aaron Levy & Co., from their slaughter house on Hudson avenue, Brooklyn, to the Jay street terminal, a railroad freight terminal on the Brooklyn side of the East river, at the foot of Jay and Bridge streets. This terminal provides the usual arrangement of freight car tracks or sidings with driveways between them. The truck was laden with bales of wool. It was driven down the Bridge street pier to the freight car upon which wool was to be loaded, then it was backed beside the car, with the horses facing toward Bridge street. The tailboard of the truck was flush against the floor of the freight car. Cloonan, the only witness called, who was present at the time of the accident, testified that after about one-half of the load of wool had been transferred, he saw Coe get down from the truck and go to the horses. He heard him talking to someone. Continuing at his work he heard an outcry and went to the door of the freight car and saw Coe wedged in between the car and a corner of the tailboard of his truck, which, as he noticed, had been moved. Another truck bearing the name of W. H. Force & Co. was right in front of his. This second vehicle was a large rack truck and drawn by two horses. The hub of its front wheel was in front of the hub of the front wheel of the Levy truck and they were locked together.

After the witness Cloonan, called by plaintiff, had testified to the foregoing, defendant produced a statement signed by him on June 3, 1920, which read in part as follows: "I particularly noticed that front right wheel or the one nearest to the outside wheel of my truck was about a half-foot away from my wheel. I at no time saw these wheels coming in contact the one with the other, because if they did come in contact, it was while I was in the freight car."

He explained the differences between his testimony and the

* Since amd. by Workmen's Compensation Law of 1922, § 29; Id. § 129.— [REP.

statement by saying that he signed the statement without reading what was in it, because as he said: " I took it for granted it was O. K. I trusted to his honesty it was all right."

He testified that because he was in the freight car at the time, he did not see Coe at the moment of the accident, but hearing him scream he came out and saw Coe between the freight car and the tailboard of the truck. He then for the first time saw the Force truck, with its wheels interlocked with the Levy truck. He further testified that he did not know how Coe became wedged between the tailboard and the car. There was no bale of wool near him, and there was no occasion for him to go underneath the wagon. It was Coe's business to keep one bale at the entrance to the freight car so that Cloonan could take it and tag it. At the time Cloonan saw the two vehicles locked together, with Coe wedged in against the car, both trucks were stationary, but the Levy truck had been moved. When Cloonan came there his truck was the only one backed up at that place.

The sole question for decision is whether the evidence was sufficient to require that the case be sent to the jury on the question of defendant's negligence. This being a death case, and contributory negligence not being chargeable to decedent without proof (Code Civ. Proc. § 841-b, as added by Laws of 1913, chap. 228; Decedent Estate Law, § 131, as added by Laws of 1920, chap. 919; Civ. Prac. Act, § 265), we believe there was sufficient to take the case to the jury.

In view of the evidence of Cloonan and the fact that the wheels of the trucks were locked together, the jury would have been justified in finding that the Force truck negligently collided with the truck on which Coe was working and that the collision caused Coe to be crushed between the freight car and the truck on which he was working. Plaintiff is now entitled to the most favorable inferences that may be drawn from the evidence. The jury might reasonably have concluded from the evidence that the Force truck collided with the truck on which Coe was working, for that truck was being unloaded and was not in motion. It was, therefore, error to dismiss the complaint.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

CLARKE, P. J., DOWLING, FINCH and McAVOY, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.