LONDON GUARANTEE AND ACCIDENT COMPANY, LTD., Appellant, v. WALTER S. FORCE, Doing Business as WILLIAM H. FORCE & COMPANY, Respondent.

First Department, November 4, 1927.

Motor vehicles — collision — actions — prior judgment on directed verdict in favor of defendant was reversed on ground that jury question was presented — error to set aside verdict for plaintiff on present trial.

On a first trial of this action, involving a collision between automobiles, a directed verdict in favor of the defendant was reversed and a new trial ordered on the ground that the evidence presented a question of fact for the jury as to whether or not the defendant's truck collided with the truck on which the decedent was working. Substantially the same evidence was submitted on the present trial and the jury returned a verdict in favor of the plaintiff. As stated on the prior appeal, the evidence was sufficient to raise a question of fact for the jury, and it was error for the court to set aside the verdict in favor of the plaintiff.

A signed statement by a witness which contradicted his testimony went to the credibility of the witness solely.

APPEAL by the plaintiff, London Guarantee and Accident Company, Ltd., from an order of the Supreme Court, made at the New York Trial Term and entered in the office of the clerk of the county of New York on the 10th day of May, 1926, granting defendant's motion, made upon the minutes, to set aside a verdict in favor of the plaintiff in the sum of $6,500 and directing a new trial.

George F. Hickey of counsel [Henry L. Ughetta with him on the brief; William E. Lowther, attorney], for the appellant.

William B. Shelton of counsel [Reed, Jenkins, Dimmick & Finnegan, attorneys], for the respondent.

McAvoy, J. On a former appeal from a judgment rendered in favor of the defendant following a verdict directed by the learned

court there was an unanimous reversal and a new trial was ordered with an opinion holding that the jury might reasonably have concluded from the evidence that the defendant's truck collided with the truck on which the decedent was working, since that truck was being unloaded and was not in motion (208 App. Div. 210).

We find that the evidence at this trial was substantially the same as that presented by the plaintiff on the former trial, and hence as a matter of law the facts proven constituted a proper case for submission to the jury.

While the learned trial court submitted the case to the jury and the jury found for the plaintiff, nevertheless the verdict was set aside upon motion of the defendant, the order reciting that the verdict is contrary to the evidence and contrary to law.

As pointed out, we heretofore held that the evidence established facts from which it might be legitimately inferred that the defendant was negligent and thus raised an issue for the jury. There was no contradiction of this proof by any witness for the defendant and the circumstance that plaintiff's witness had signed a statement at one time prior to the trial contradicting his version of the accident, as given in the testimony here, went to his credibility which was solely a jury question.

We think it was error, therefore, to set the verdict aside, and accordingly the order appealed from should be reversed, with costs, and the verdict reinstated.

DOWLING, P. J., FINCH, MARTIN and O'MALLEY, JJ., concur.

Order reversed, with costs, and verdict reinstated.